# The Commonwealth *versus* The Penn Gas Coal Company.

62   241
164   260

1. The value of the coal exhausted of the *capital* of a coal company is not to be deducted from the receipts in estimating its net earnings.

2. The net earnings of a company on which tax is to be assessed under the Act of April 30th 1864 are the product of the business, deducting the expenses only.

3. The Commonwealth *v.* Ocean Oil Company, 6 P. F. Smith 61, affirmed.

May 17th 1869.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Dauphin county*: No. 90, to May Term 1869.

On the 11th of July 1867 the accounting officers of the Commonwealth settled an account against The Penn Gas Coal Company, as follows:

" For tax on net earnings or income, per Act of April 30th 1864, for years ending November 1st 1865 and 1866, as per report herewith filed:

| | | | |
|---|---|---|---|
| 1865. Net earnings or income | - - - | - | $173,079.72 |
| 1866.    do.        do. | - - | - | 68,757.54 |
| | | | 241,837.26 |

Tax three per cent. due Commonwealth, - -   7,255.11"

The company appealed from the settlement, because the amount, $241,837.26, on which the tax is charged, exceeds the net income and includes a portion of the company's capital.

On the trial, November 23d 1868, the Commonwealth gave in evidence the settlement, and the report of the company on which the settlement is based, showing the net earnings or income to be $241,837.26, and claiming a deduction of $54,000 for " waste of capital for coal taken out;" three per cent. tax being assessed on total amount returned.

Pearson, P. J., directed a verdict for the Commonwealth for $8374.56, the amount of the tax and interest, subject to two points reserved; the first being: If the court shall be of the opinion that under the return made, the company is not taxable on its stock exhausted, then judgment to be rendered in favor of the Commonwealth for $6564.89.

The court rendered judgment on the reserved point for the Commonwealth for $6564.89.

The Commonwealth took a writ of error, and assigned the judgment for error.

12 P. F. SMITH—16

[Commonwealth *v*. Penn Gas Coal Co.]

*L. W. Smith* and *B. H. Brewster*, Attorney-General, for Commonwealth : cited Com. *v*. Ocean Oil Co., 9 P. F. Smith 61.

*J. W. Simonton* and *J. C. Kunkel*, for defendants in error.

The opinion of the court was delivered, July 6th 1869, by
READ, J.—We have carefully considered this case, and the reasoning of the learned judge in the court below, but we are unable to see that the case of The Commonwealth *v*. The Ocean Oil Company, 9 P. F. Smith 61, does not govern the one before us. All capitals of mining companies, whether of coal, iron, copper, or tin, or silver or gold, and so of quarrying companies, whether of stone, marble or slate, are nominal, like those of petroleum companies, and fixed by their promoters at such large figures, that, by applying the principle contended for by the appellees, the whole annual income would have to be retained to supply the loss of capital, which would disappoint the stockholders of their dividends, and the state of her taxes. The difficulties pointed out in our former opinion, of adopting and applying any such principle to these companies make it necessary to establish one general invariable rule—that the net earnings or income are the product of the business deducting the expenses only, upon which basis the settlement was made by the Auditor-General and the State Treasurer.

Judgment reversed, and *venire de novo* awarded.